NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUCY WANGARI MAINA, | No. 14-71630 |
| Petitioner, | Agency No. A087-828-905 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**
Seattle, Washington

Before: FERNANDEZ and NGUYEN, Circuit Judges, and RAKOFF,*** District Judge.

Lucy Maina, a native and citizen of Kenya, petitions for review of a Board

of Immigration Appeals (BIA) decision affirming the denial of her application for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

asylum.  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1.    Substantial evidence supports the BIA's finding that Maina did not suffer past persecution.  Maina does not claim to have been physically harmed in Kenya but argues that her arrest and detention by Kenyan police and her mother fleeing due to threats from the village elders and the Mungiki were psychologically traumatizing.  While these experiences were undoubtedly scary, especially for a thirteen year old girl, the record does not compel the conclusion that they gave rise to the type of "extreme" and "offensive" "suffering or harm" that constitutes persecution.  *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc).  Maina testified that "nothing bad" happened to her during her arrest, and there is no evidence that Maina witnessed anyone threatening or harming her mother.  *See Al-Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir. 2001) (finding substantial evidence supported the BIA's finding of no past persecution where the petitioner "was detained for a period of five or six days" but "was not beaten, tortured, or threatened" during the detention); *cf. Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1044–46 (9th Cir. 2007) (reversing the BIA's finding of no past persecution where "soldiers came in the night" to the petitioners' house when they were young and beat and kidnapped their father).

2.    The evidence does not compel the conclusion that Maina has a well-

2

founded fear of future persecution. Maina fears she will be subjected to female genital mutilation (FGM) by the Mungiki because she is a Christian Kikuyu woman and in retaliation for her mother's teachings. FGM has been outlawed in Kenya, not all Kikuyu men believe in the practice, about one-third of Kikuyu women have undergone FGM, and it is traditionally performed on young girls. This evidence supports the BIA's conclusion that Maina is unlikely to be subjected to FGM because she is a Kikuyu Christian woman. And, there is no evidence to suggest that the Mungiki would target Maina in retaliation for her mother's activism since they have never threatened or harmed her before and she is no longer in contact with her mother.

3. Maina is not eligible for asylum if she "could avoid future persecution by relocating to another part of" Kenya and "it would be reasonable to expect [her] to do so." 8 C.F.R. § 208.13(b)(1)(i)(B), (2)(ii). The BIA's finding that Maina could reasonably relocate within Kenya is supported by the record because after her mother fled, Maina lived with friends in Nairobi without incident.

4. Maina could have, but did not, present to the BIA her claim that the immigration judge's failure to consider her age at the time she was arrested and her mother fled violated her due process rights. We thus lack jurisdiction over that claim on appeal. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

**PETITION DENIED.**

3